IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

vs.                                                         Case No. 5:03cr42/MCR/CJK

WILLARD TIMOTHY CARROLL,
        Defendant.

ORDER AND
REPORT AND RECOMMENDATION

This cause is before the court upon defendant's amended motion to reopen judgment (doc. 107), filed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b). The government has filed a response in opposition (doc. 105). A previous order (doc. 111) ruling on the instant motion must be vacated, because a RULE 60(b) motion is properly disposed of by report and recommendation. *See, e.g.*, *United States v. Clarke*, No. 4:92cr4013-WS, 2007 WL 3378392 (N.D. Fla. Nov. 13, 2007); *United States v. James*, No. 4:90cr4051-WS, 2007 WL 2688528 (N.D. Fla. Sept. 11, 2007). The substance of the court's determinations, however, has not been altered, except that the time for objections to the proposed findings and recommendations made herein shall run from the date of this report and recommendation.

On January 13, 2004, defendant pleaded guilty to counts I and III of a superseding indictment charging him with conspiracy to distribute methamphetamine

(count I) and possession of a firearm in furtherance of a drug trafficking offense (count III). (Doc. 28, 1-2) Based upon prior state felony convictions for possession of methamphetamine, defendant was subject to a mandatory minimum term of life imprisonment under 21 U.S.C. § 841(b)(1)(A)(viii) (providing for a mandatory minimum sentence of life imprisonment for any person who commits a violation of that subparagraph "after two or more prior convictions for a felony drug offense have become final"). On June 22, 2004, the district court sentenced defendant to life imprisonment on count I, and a consecutive term of sixty months' imprisonment on count III. (Doc. 51)

By mandate issued June 15, 2005 (doc. 74), the U.S. Court of Appeals for the Eleventh Circuit affirmed defendant's convictions. Defendant file a petition for writ of certiorari, which was denied on November 28, 2005. (Doc. 85, 4) Seeking post-conviction relief, defendant filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (Doc. 75) Defendant argued, *inter alia*, that his prior state felony convictions for possession of methamphetamine constituted misdemeanors under 21 U.S.C. § 844(a), and, as such, could not have been relied upon to support the enhanced sentence of life imprisonment. (Doc. 85, 13) In support of this contention, defendant relied upon the Supreme Court's decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006), which involved a removal proceeding under the Immigration and Nationality Act. The court held that a prior state felony conviction for possession of cocaine does not qualify as a drug trafficking offense under the Controlled Substances Act, such that it could be used to disqualify a defendant from discretionary cancellation of removal. *See id.* at 52-53.

In denying the motion to vacate, this court rejected the *Lopez* challenge on the

ground that *Lopez* was not retroactively applicable on collateral review. (Doc. 85, 13-17)  Defendant filed the instant amended motion to reopen judgment (doc. 107) pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4), contending the order denying the motion to vacate is "void."  Defendant argues that the court erred in concluding that *Lopez* was not retroactively applicable on collateral review.  Further, defendant asserts that the Supreme Court's decision in *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010), justifies relief from both the district court's denial of the motion to vacate and his sentence.

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence."  *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). "[T]he general rule is well-established that a collateral attack upon a federal conviction and sentence must be brought pursuant to § 2255."  *Galatolo v. United States*, 196 F. App'x 854, 857 (11th Cir. 2006).  "[A] Rule 60(b) motion that 'seeks to add a new ground for relief,' or 'attacks the federal court's previous resolution of a claim on the merits,' constitutes a second or successive petition for writ of habeas corpus."  *Id.* (quoting *Crosby*, 545 U.S. at 532); *see also Galatolo v. United States*, 394 F. App'x 670, 672 (11th Cir. 2010) ("If the motion seeks to add a new ground for relief from the underlying judgment of conviction, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 action as a second or successive § 2255 motion and dismiss it accordingly.").  "By contrast, 'when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' courts should not treat the Rule 60 action

as a successive § 2255 motion." *Galatolo*, 394 F. App'x at 672 (quoting *Crosby*, 545 U.S. at 532-33).

Here, defendant's RULE 60(b) action merely resurrects the claim, previously rejected by this court in its denial of the motion to vacate, that Mr. Carroll's prior state felony convictions could not be relied upon to support the enhanced sentence of life imprisonment. Defendant also reargues by way of RULE 60(b) a claim of ineffective assistance of counsel, asserting, as he did in the unsuccessful § 2255 motion, that his guilty plea was not intelligent and voluntary because his attorney allegedly promised a sentence not to exceed ten or twelve years. Given such arguments, the amended RULE 60(b) motion is properly construed as a second or successive § 2255 motion and should be dismissed accordingly. *See Galatolo*, 394 F. App'x at 672; *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (holding district court lacked subject matter jurisdiction to consider successive habeas petition where defendant did not move circuit court for an order authorizing such a petition).

To the extent defendant advances other grounds for relief from the judgment, these grounds are unavailing. Defendant, for instance, argues for relief from the judgment in light of *Carachuri-Rosendo*, 130 S. Ct. at 2580, which held that second or subsequent simple possession offenses are not aggravated felonies under § 1101(a)(43) when the state conviction is not based on the fact of a prior conviction. *Carachuri-Rosendo*, however, concerned a removal proceeding under the Immigration and Nationality Act ("INA"), and whether the petitioner's second state conviction for misdemeanor drug possession qualified as an "aggravated felony," for purposes of determining the petitioner's rights under the INA. Defendant's prior felony drug convictions, by contrast, are governed by the provisions set forth in 21

U.S.C § 802(44) (defining the term "felony drug offense").  *See United States v. Padgett*, No. 5:06-cr-00013-RS-GRJ, 2011 WL 845075, at *7 (N.D. Fla. Feb. 1, 2011) ("Even drug offenses that are classified as misdemeanors under state law may qualify as 'felony drug offenses' for purposes of enhanced § 841(b) penalties if the offense is punishable by more than one year." (citing *Burgess v. United States*, 553 U.S. 124, 129-30 (2008))).  In other words, *Carachuri-Rosendo* is inapposite to defendant's case and offers no basis for relief.

Accordingly, it is ORDERED:

The order dated February 27, 2012 (doc. 111), is VACATED.

And it is respectfully RECOMMENDED:

1.  That defendant's amended motion to reopen judgment (doc. 107), filed pursuant to FEDERAL RULE OF CIVIL PROCEDURE 60(b), be DENIED.

2.  That the clerk be directed to close the file.

DONE AND ORDERED this 1st day of March, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).